IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KITANO JORDAN, | : | |
|     Petitioner | : | |
| | : | No. 1:20-cv-749 |
| v. | : | |
| | : | (Judge Kane) |
| WILLIAM P. BARR, et al., | : | |
|     Respondents | : | |

**MEMORANDUM**

On May 7, 2020, pro se Petitioner Kitano Jordan ("Petitioner"), a federal prisoner incarcerated at Federal Correctional Institution at Allenwood ("FCI Allenwood") in White Deer, Pennsylvania, initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.)  In an Order dated June 25, 2020, the Court directed Respondents to file a response to the § 2241 petition within twenty (20) days. (Doc. No. 6.) Respondents filed their answer on July 27, 2020. (Doc. No. 8.) Petitioner filed a traverse on August 10, 2020. (Doc. No. 11.) Accordingly, Petitioner's § 2241 petition is ripe for disposition. For the following reasons, the Court will dismiss Petitioner's § 2241 petition without prejudice for lack of jurisdiction.

**I.   BACKGROUND**

On January 31, 2019, a superseding indictment was returned in the United States District Court for the Southern District of New York, which charged Petitioner with one count of racketeering conspiracy; four counts of firearms offenses – racketeering conspiracy; and five counts of violent crime in aid of racketeering. See United States v. Jordan, No. 18-cr-834, Doc. No. 91 (S.D.N.Y.). Approximately two months later, Petitioner pled guilty to two counts of firearm offenses in a superseding information, having waived indictment. See id., Doc. Nos. 146; 161.

Petitioner was sentenced on September 6, 2019 by the United States District Court for the Southern District of New York to 180 months' imprisonment; 60-months on Count 1 and 120-months on Count 2, to be served consecutively. See id., Doc. No. 295. Later that month, Petitioner filed a notice of appeal, which is still pending in the Court of Appeals for the Second Circuit. See id., Doc. No. 317. See also United States v. Jordan, No. 19-3032 (2d Cir.).

On June 18, 2021, Petitioner filed a letter construed as a motion for compassionate release with his sentencing court. See No. 18-cr-834, Doc. No. 501. The sentencing court denied Petitioner's motion finding that Petitioner "continues to pose a danger to the community and that the § 3553(a) factors, considered in combination, do not support a reduction of his sentence." See id., Doc. No. 516.

Petitioner filed this petition on May 7, 2020. (Doc. No. 1.) He challenges the validity of his federal conviction, arguing that the United States of America has "no authority to detain a free individual" and that his "actual innocence was never overcome in order for jurisdiction to have been valid." (Id. at 9.) He also alleges that he "was not tried under any semblance of due-process" and that he was convicted "based upon unofficial dicta." (Id.)

In response, Respondents argue that Petitioner's petition in essence challenges his conviction, which may only be considered in a motion brought pursuant to 28 U.S.C. § 2255; thus, the Court lacks jurisdiction to hear such claims in a § 2241 petition. Further, to the extent that Petitioner describes violations of his civil rights later on in the petition, Respondents argue that he must bring those claims in a proper civil rights action. (Doc. 8 at 3-4.)

In his traverse, Petitioner makes many arguments not relevant to the issue of whether this Court may exercise jurisdiction over his claims in a petition brought pursuant to § 2241. (Doc. No. 11.) He does, however, argue that by virtue of this Court's prior actions in this case,

including, inter alia, ordering service of the petition and ordering the Defendants to respond to the petition, the Court chosen to exercise jurisdiction over the petition. (Id. at 14.)

## II. DISCUSSION

Given the allegations raised in the petition, the Court construes the petition as challenging the legality of Petitioner's conviction.[1] As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve when "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), when a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." See Dorsainvil, 119 F.3d at 251.

---

[1] To the extent that Petitioner's references later on in his petition allege civil rights violations, Petitioner must raise any such claims by filing a civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), in the district in which those alleged violations occurred.

3

The Third Circuit emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  See id. at 251-52.

The Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).  Further, the mere fact that a claim is time-barred does not render § 2255 an inadequate or ineffective remedy.  See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Under Dorsainvil and its progeny, this Court can exercise § 2241 jurisdiction over this petition if, and only if, Petitioner demonstrates (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review.  See Dorsainvil, 119 F.3d at 251-52; Cradle,

290 F.3d at 539; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

Here, Petitioner's claims do not fall within the Dorsainvil exception because Petitioner has an opportunity to seek judicial review of the legality of his conviction by filing a § 2255 motion with his sentencing court. Further, Petitioner does not allege or argue that his petition should come within the Dorsainvil exception. Because Petitioner still has available as a collateral remedy the filing of a § 2255 motion, such motion is not "inadequate or ineffective" to Petitioner.

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." See 28 U.S.C. § 1631. The Court declines to do so here because Petitioner's direct appeal of his conviction and sentence is still pending in the Court of Appeals for the Second Circuit, and thus, the statute of limitations for filing a § 2255 motion has not even begun. The Court thus finds that it is not in the interests of justice to transfer this habeas petition. Petitioner is free to file a § 2255 on his own in his sentencing court.

### III.   CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed without prejudice. An appropriate Order follows.